**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

State of West Virginia,
Plaintiff Below, Respondent

**v.)  No. 23-653 (**Fayette County CC-10-2023-F-103)

Darrell R. Sharp II,
Defendant Below, Petitioner

## MEMORANDUM DECISION

Petitioner Darrell R. Sharp II appeals the Circuit Court of Fayette County's October 12, 2023, sentencing order entered following his conviction for illegal application for registration to vote.[1] The petitioner argues that the court erred in instructing the jury. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The petitioner was a convicted felon on parole when he attempted to vote in the 2022 general election. The poll workers did not find his name on the list of eligible voters, so he submitted a provisional ballot which stated, "I, Darrell Sharp II, do solemnly swear or affirm under penalty for false swearing that . . . I am a qualified and registered voter[.]" Thereafter, the Fayette County Clerk sent a letter to the petitioner indicating that his vote was not counted.

On March 6, 2023, the petitioner attempted to register to vote while completing an electronic application for a personal identification card at the West Virginia Department of Motor Vehicles. Within this application, the petitioner affirmed that he was not on parole at the time of registration. Upon receipt of the petitioner's application to vote, the West Virginia Secretary of State opened an investigation into the petitioner's attempts to vote and to register to vote while on parole. On May 10, 2023, the petitioner was indicted on one count of illegal voting[2] and one count of illegal application for registration to vote.[3]

---

[1] The petitioner is represented by counsel Matthew Brummond. The State of West Virginia appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

[2] *See* W. Va. Code § 3-9-17(b).

[3] *See* W. Va. Code § 3-2-32(b).

1

At trial, the petitioner did not dispute that he had attempted to vote and had submitted an application for voter registration. The petitioner testified that he thought he was eligible to vote, and he would not have intentionally broken the law if he had realized he was ineligible. He indicated that he had not fully understood that he would lose the right to vote when he pled guilty to his prior felony offense, and he had only applied for a voter's registration card at the DMV clerk's suggestion.

At the close of the evidence, the State submitted "State's Instruction Number 2" for inclusion within the circuit court's charge to the jury. This instruction read, in relevant part, as follows:

Illegal application for registration is committed when any person, knowingly and willfully offers an application for voter registration when the person knows he or she is not qualified to register to vote.

. . . .

Before the defendant, Darrell R. Sharp, II, can be convicted of illegal application for registration, the State of West Virginia must overcome the presumption that the [d]efendant, Darrell R. Sharp, II, is innocent and prove to the satisfaction of the jury beyond a reasonable doubt that:

1. The defendant, Darrell R. Sharp, II,

2. in Fayette County, West Virginia,

3. on or about the 6th day of March 2023,

4. did unlawfully, intentionally, but not feloniously,

5. offer an application for voter registration,

6. when he was not qualified to register to vote,

7. by virtue of felony conviction,

8. and being on parole at the time he offered said application for voter registration.

The petitioner's counsel agreed to this instruction, stating, "I've read [it]. I think it is a correct version of the law." The court included the instruction within its charge to the jury, and, thereafter, the jury found the petitioner not guilty of illegal voting but convicted him for illegal application for registration to vote. The circuit court sentenced the petitioner to twelve months in jail, imposed a $1,000 fine, and issued a written sentencing order on October 12, 2023.

On appeal, the petitioner argues that the circuit court erred in instructing the jury regarding the mens rea required for the offense of illegal application for registration to vote. He contends that the court's failure to recite the statutory mens rea within the enumerated elements permitted the jury to convict him without finding the requisite mental state at the time he registered to vote. The petitioner acknowledges that he did not object to that instruction during trial, and he asks this Court to review this issue for plain error.

The petitioner accurately states the limits of the Court's appellate review of this matter. We have indicated that when "counsel did not ask for an instruction when given the opportunity to do so and did not object to the lack of an instruction, any error by the trial court is foreclosed from appellate review unless it rises to the level of plain error." *State v. Miller*, 194 W. Va. 3, 17, 459 S.E.2d 114, 128 (1995). We have stated that "[t]o trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 7, 459 S.E.2d at 118, Syl. Pt. 7.

The petitioner was convicted of violating West Virginia Code § 3-2-32(b), which provides, in relevant part:

> Any person who registers or applies to be registered, or persuades or assists another to be registered . . . knowing or having reason to know that he or she is not entitled to be registered . . . shall be guilty of a misdemeanor and, upon conviction, shall be fined not more than $1,000 or confined in the county jail for not more than one year, or both, in the discretion of the court.

The culpable mental state identified in this statute is "knowing or having reason to know." *See id.* We agree that the circuit court erroneously instructed the jury regarding the mens rea required for the offense of illegal application for registration to vote; however, this error did not affect the petitioner's substantial rights, as we have held that "[t]o affect substantial rights means the error was prejudicial. It must have affected the outcome of the proceedings in the circuit court[.]" *See Miller*, 194 W. Va. at 7, 459 S.E.2d at 118, Syl. Pt. 9, in part.

Here, the appellate record does not support the petitioner's allegation of prejudicial error. In addition to illegal application for registration to vote, the petitioner was also tried for the felony offense of illegal voting, which requires a mental state of "knowingly and willfully[.]"[4] However, the court's charge informed the jury that a verdict of guilty on illegal voting was only appropriate if they found beyond a reasonable doubt that the petitioner had "knowingly and willfully" voted or attempted to vote and "did unlawfully, intentionally, knowingly, willfully, and feloniously" vote

---

[4] West Virginia Code § 3-9-17(b) provides, in relevant part:

> Any person who knowingly and willfully votes or attempts to vote when the person knows he or she is not legally entitled to do so . . . shall be imprisoned for not less than one year but not more than 10 years, or fined not more than $10,000, or both, in the discretion of the court.

or attempted to vote. As with the misdemeanor offense of illegal application for registration to vote, the court's instruction regarding the requisite mental state for illegal voting contained a variation of the statutory language; nonetheless, the jury found the petitioner not guilty of the felony offense of illegal voting. Therefore, we are not persuaded that the language within the court's instruction to the jury on the offense of illegal application for registration to vote affected the jury's verdict and compelled his conviction for that offense. *See* Syl. Pt. 3, in part, *State v. Marple*, 197 W. Va. 47, 475 S.E.2d 47 (1996) ("In determining whether the assigned plain error affected the 'substantial rights' of a defendant, . . . the defendant need only demonstrate the jury verdict in his or her case was actually affected by the assigned but unobjected to error.").

Additionally, the circuit court's instruction to the jury does not constitute prejudicial error because the language within the registration instruction increased the State's burden of proof. The court's insertion of the word "willfully" into the instruction for the misdemeanor offense of illegal application for registration to vote essentially elevated the requisite mental state to that required for the felony offense of illegal voting. Thus, the court's surplus verbiage within that instruction established a higher burden of proof to convict the petitioner for illegal application for registration to vote. This elevation in the State's burden of proof inured to the petitioner's benefit and does not constitute prejudice. *See* Syl. Pt. 14, *State v. Hamric*, 151 W. Va. 1, 151 S.E.2d 252 (1966) ("It is not reversible error to give an erroneous instruction which favors the party complaining of such instruction."). Therefore, the petitioner has not demonstrated that the circuit court's instruction affected his substantial rights, and we decline to apply the plain error doctrine to this issue.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 21, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III